**MSPA CLAIMS 1, LLC, a Florida limited liability company, as assignee of Florida Healthcare Plus, on behalf of itself and all other similarly situated Medicare Advantage Organizations in the State of Florida, Plaintiff,**

**v.**

COVINGTON SPECIALTY INSURANCE COMPANY, Defendant.

CASE NO. 16–20338–CIV–LENARD/GOODMAN

United States District Court, S.D. Florida.

Signed 09/30/2016

Brian Phillip Cournoyer, Christine Marie Lugo, Eric Michael Fresco, Frank Carlos Quesada, Timothy J. Van Name, MSP Recovery Law Firm, Gino Moreno, La Ley Law Firm, Gustavo Javier Losa, John H. Ruiz, P.A., John Hasan Ruiz, Rebecca Rubin–Del Rio, Law Offices of La Ley Con John H. Ruiz, Miami, FL, for Plaintiff.

Ashley R. Kellgren, Michael Keegan Kiernan, Traub Lieberman Straus & Shrewsberry LLP, St. Petersburg, FL, for Defendant.

**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT AND CLASS ACTION ALLEGATIONS (D.E. 25)**

JOAN A. LENARD, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court on Defendant Covington Specialty Insurance Company's Motion to Dismiss Amended Complaint and Class Action Allegations, ("Motion," D.E. 25), filed March 23, 2016. Plaintiff MSPA Claims 1, LLC filed a Response on April 15, 2016, ("Response," D.E. 31), to which Defendant filed a Reply on April 21, 2016, ("Reply," D.E. 32).

Also before the Court is Plaintiff's Request for Judicial Notice, (D.E. 39), filed June 16, 2016. Defendant filed a Response to Plaintiff's Request on June 30, 2016, (D.E. 41), to which Plaintiff filed a Reply on July 11, 2016, (D.E. 42). Upon review of the Motions, Responses, Replies and the record, the Court finds as follows.

## I. Background

This is an action under the Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y(b)(3)(A), alleging that Defendant failed to reimburse a Medicare Advantage Organization ("MAO") for medical payments made on behalf of an enrollee, F.C.,[1] who was injured as a result of an accident that occurred on property insured by Defendant. (See Am. Compl., D.E. 10 ¶¶ 10–37, 77–88.)

Florida Healthcare Plus ("FHCP") was a Health Maintenance Organization ("HMO") that contracted with the Centers for Medicare and Medicaid Services ("CMS") to provide Medicare benefits to eligible members enrolled in FHCP's Medicare Advantage health plan under Part C of the Medicare Act. (Id. ¶ 6.) Plan members are referred to as "enrollees," and FHCP served the needs of its enrollees through its Medicare and managed care programs, delivered through its network of physicians and health care professionals. (Id. ¶ 6.) FHCP was a "secondary payer" pursuant to the MSP Act. (Id. ¶ 8.)

---

1. According to the Complaint: "In order to ensure that this document is HIPAA compliant, the Defendant's insured, F.C., shall only be referred to as 'Enrollee.' The name of Enrollee is known to Defendant but is not pled in this Complaint to protect their privacy." (Am. Compl. ¶ 10 n.6.) The Court will refer to the injured individual as "F.C."

On December 10, 2014, FHCP went into receivership. (Id.)

According to the Complaint, F.C. was a member of a Medicare Advantage Plan managed by FHCP at the time of the accident. (Id. ¶ 15.) The Plan is considered a "secondary plan" in connection with medical expense coverage for the at-issue accident, and provides FHCP with reimbursement, recovery, and subrogation rights from a "primary plan." (Id. ¶ 17.) FHCP paid for F.C.'s medical expenses, totaling $15,825.43, pursuant to its contract with CMS. (Id. ¶ 19.) The Amended Complaint alleges that Defendant was legally responsible for primary payment of F.C.'s injuries through its no fault Med–Pay insurance policy. (See id. ¶¶ 13, 14, 17.) "As the issuer of the primary plan, Defendant was required to pay for the medical services provided to Enrollee, or to reimburse FHCP for all payments it made on behalf of Enrollee to satisfy such medical bills; however, Defendant failed to do either and continues to do so." (Id. ¶ 26.) Plaintiff alleges that FHCP assigned all of its subrogation claims, recovery, and reimbursement rights to Plaintiff; as such, Plaintiff asserts standing to sue Defendant for the medical claims, bills, and expenses FHCP provided on behalf of F.C. (Id. ¶¶ 52, 55.)

On March 9, 2016, Plaintiff filed its Amended Class Action Complaint for Damages. (D.E. 23.) Count I alleges a violation of the MSP Act, 42 U.S.C. § 1395y(b)(3)(A), (id. ¶¶ 77–88); Count II alleges breach of contract for failure to pay Med–Pay benefits, (id. ¶¶ 89–97); Count III is for conventional subrogation, (id. ¶¶ 98–104); Count IV is for equitable subrogation, (id. ¶¶ 105–111) and Count V is for conventional subrogation arising from third-party beneficiary rights, (id. ¶¶ 112–118). The Amended Complaint also contains class allegations, purporting to bring suit on behalf of a class of MAOs similarly situated to Plaintiff. (Id. ¶¶ 56–76.)

On March 23, 2016, Defendant filed the instant Motion to Dismiss. (D.E. 25.) It argues that (1) Plaintiff lacks standing to sue Defendant as a purported assignee of FHCP; and, (2) even if Plaintiff had standing to sue, the claims fail to state a claim upon which relief can be granted. (Id. at 1–2.) Defendant also moves to strike the class allegations. (Id. at 17.) Because the Court agrees that Plaintiff lacks standing, it will confine its discussion to that issue.

## II. Legal Standard

To the extent Defendant challenges Plaintiff's standing to pursue FHCP's claims, Federal Rule of Civil Procedure 12(b)(1) applies. Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). " 'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Id. (quoting Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203 n. 42 (11th Cir.1991). "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." Id. (citing McElmurray v. Consol. Gov't of Augusta–Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir.2007)). " 'A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' " Id. at 1232–33 (citing McElmurray, 501 F.3d at 1251). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." McElmurray, 501 F.3d at 1251 (citations and internal quotation marks omitted). "A dismissal for lack of subject matter jurisdiction is not a

judgment on the merits and is entered without prejudice." Stalley, 524 F.3d at 1232 (citing Crotwell v. Hockman–Lewis Ltd., 734 F.2d 767, 769 (11th Cir.1984)).

## III. Discussion

▆ Defendant argues that Plaintiff lacks standing to sue Defendant because Plaintiff suffered no injury, and the purported assignments were either invalid, ineffective, or have expired. (Mot. at 5.) Plaintiff argues that FHCP assigned its rights of reimbursement to La Ley Recovery Systems, Inc., and that, in turn, La Ley assigned its rights to Plaintiff. (See Resp. at 2–8.)

The Eleventh Circuit recently held that the private cause of action under the MSP Act, 42 U.S.C. § 1395y(b)(3)(A), permits a MAO—like FHCP—to sue a primary payer—like Defendant—that refuses to reimburse the MAO for a secondary payment. Humana Med. Plan, Inc. v. W. Heritage Ins. Co., 832 F.3d 1229, 1231, 1237–38 (11th Cir. 2016). It emphasized, however, that Paragraph (3)(A) "is not a qui tam statute but is instead available only when the plaintiff has suffered an injury in fact." Id. at 1237–38 (citing Stalley, 524 F.3d at 1234).

After reviewing the relevant documents and exhibits, the Court agrees with every other court in this district to have addressed the matter and finds that Plaintiff lacks standing to assert FHCP's claims because it has not been validly assigned the right to do so. See MSPA Claims 1, LLC v. Infinity Auto Ins. Co., 204 F.Supp.3d 1346, 1347 (S.D.Fla. 2016); MSPA Claims 1, LLC v. United Auto. Ins. Co., 204 F.Supp.3d 1342, 1344 (S.D.Fla. 2016); MSPA Claims 1, LLC v. First Acceptance Ins. Co., Case No. 16–20314–CIV–WILLIAMS, 2016 WL 4523850, at *2 (S.D.Fla. Aug. 29, 2016); MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co., Case No. 16–20401–Civ–COOKE/TORRES, 2016 WL 4479372, at *2 (S.D.Fla. Aug. 25, 2016); MSPA Claims 1, LLC. v. Tower Hill Prime Ins. Co., CASE #: 1:16–cv–20460–KMM, 2016 WL 4157593, at *1 (S.D.Fla. Aug. 3, 2016); MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co., CASE #: 1:16–cv–20459–KMM, 2016 WL 4157592, at *1 (S.D.Fla. Aug. 3, 2016); MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co., CASE NO. 16–20212–CIV–KING, 2016 WL 4154266, at *2 (S.D.Fla. July 28, 2016).

The first purported assignment was from FHCP to La Ley Recovery Systems, Inc. (See Resp. at 2–3.) The agreement between FHCP and La Ley, dated April 15, 2014, is attached to Defendant's Motion and states, in relevant part

> **1.2 Term:** The term of this Agreement shall be for (1) year from the date of execution herewith, with an automatic renewal for an additional one (1) year period unless terminated at any time by the parties with ninety (90) day prior written notification. La Ley Recovery may assign the Agreement in whole or in part but the assignee must be approved by [FHCP].

("La Ley Agreement," D.E. 25–2 at 8.) The Amended Complaint alleges that La Ley subsequently "assigned its FHCP subrogation claims, recovery, and reimbursement rights to Plaintiff." (Am. Compl. ¶ 54.)

First, the Court finds that Defendant's facial challenge to Plaintiff's standing is meritorious because the Amended Complaint, (D.E. 23 ¶¶ 52–54), does not allege that FHCP approved the assignment from La Ley to Plaintiff. See Infinity Auto Ins. Co., 204 F.Supp.3d at 1347; United Auto., 204 F.Supp.3d at 1344; First Acceptance Ins. Co., 2016 WL 4523850, at *2; Nat'l Specialty Ins. Co., 2016 WL 4479372, at *2; Tower Hill Prime Ins. Co, 2016 WL 4157593, at *1; Tower Hill Prime Ins. Co.,

2016 WL 4157592, at *1; Kingsway Amigo Ins. Co., 2016 WL 4154266, at *2.

Second, the Court finds that Defendant's factual challenge to Plaintiff's standing is meritorious because the receiver repudiated the La Ley Agreement. On December 10, 2014, the Florida Department of Financial Services ("DFS") was appointed Receiver for FHCP. (See Order Appointing DFS as Receiver of FHCP, D.E. 25–2 at 1.) The Order Appointing DFS as FHCP's receiver states: "All executory contracts to which the Respondent was a party shall be cancelled and stand cancelled unless specifically adopted by the Receiver within ninety (90) days of the date of this Order or from the date of the Receiver's actual knowledge of the existence of such contract, whichever is later." (Id. at 13.)

On February 5, 2015, DFS sent correspondence to La Ley, enclosing the Order and specifically rejecting the La Ley Agreement. (D.E. 25–2 at 12.) On March 30, 2015, DFS wrote directly to Plaintiff's counsel, advising that:

On February 5, 2015, the Department of Financial Services, in its capacity as Receiver of Florida Healthcare Plus, Inc. ("FHCP"), formally rejected the contract between La Ley Recovery Systems, Inc. ("La Ley") and FHCP. As such, La Ley and any of its affiliated companies, such as MSP Recovery LLC, are no longer authorized to pursue recoveries on behalf of FHCP.

(D.E. 25–2 at 35.) On April 23, 2015, DFS again wrote to Plaintiff's counsel to "formally request that your firm stop all collection activity on behalf of FHCP pending the Receiver's receipt and opportunity to examine and evaluate the additional information." (D.E. 25–2 at 40.) Again on June 10, 2015, DFS wrote Plaintiff's counsel and "formally demand[ed] that [La Ley] cease

and desist from all collection activities on behalf of FHCP." (D.E. 25–2 at 41–42.) Finally, on September 18, 2015, DFS filed a petition in which it sought to enjoin La Ley and related entities from collection activities on behalf of FHCP. (D.E. 25–2 at 1.) Therein, DFS states that "it did not adopt the La Ley Agreement, and on February 5, 2015, the Receiver expressly informed La Ley in writing that the services of La Ley were no longer necessary to the continued administration of the FHCP estate, and the contract between FHCP and La Ley was rejected." (D.E. 25–2 at 3 ¶ 9.) After noting that the attempted assignments were made "without notifying or obtaining approval from FHCP, the Receiver, or the Receivership Court," (D.E. 25–2 at 4 ¶ 12), DFS explained its position that "[t]he La Ley Agreement does not comply with CMS regulations governing subcontractor agreements, specifically, 42 C.F.R. § 422.108," and "fails to include any of the CMS required provisions when an HMO like FHCP engages the services of a downstream service provider. Thus, it is void ab initio[,]" (D.E. 25–2 at 5 ¶ 16).

In light of the above, it is clear that the receiver repudiated the La Ley Agreement, and any assignment from La Ley to Plaintiff was ineffective. See United Auto., 204 F.Supp.3d at 1344; First Acceptance Ins. Co., 2016 WL 4523850, at *2; see also Crossman v. Fontainebleau Hotel Corp., 273 F.2d 720, 725 (5th Cir.1959) ("An assignee has no greater rights than his assignor; consequently, it cannot be argued that a valid assignment may breathe life into the assigned instrument otherwise invalid.").[2]

Plaintiff moves the Court to take judicial notice of the Settlement Agreement between the receiver and La Ley,

---

**2.** In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

which purportedly "disposes of all material issues raised by the Petition to Enjoin." (D.E. 39–1 at 2 ¶ 3.) However, as the other courts in this District addressing this issue have noted, even assuming arguendo that the Settlement Agreement establishes that La Ley validly assigned its rights to pursue FHCP's claims against Defendant, the Court takes judicial notice that the settle-ment agreement was entered on June 1, 2016—more than five months after Plaintiff filed this lawsuit. (See 39–1 at 5.) "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir.2003); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 570, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("[S]tanding is to be determined as of the commencement of suit."). It is clear that there was no valid assignment prior to the commencement of this lawsuit, and "Plaintiff cannot create standing by referencing this later-filed agreement." United Auto., 204 F.Supp.3d at 1345 (citing Tucker v. Phyfer, 819 F.2d 1030, 1034 (11th Cir.1987) ("Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation."); Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278, 1282–83 (5th Cir.1981) (holding that where a plaintiff did not have standing to assert a claim against the defendants, it likewise "does not have standing to amend the complaint and control the litigation ..."); see also Nat'l Specialty Ins. Co., 2016 WL 4479372, at *2 ("[T]o the extent Plaintiff intends on relying upon the assignment language in the settlement agreement to substantiate its argument that it was validly assigned the claims at issue in this action, Plaintiff's argument must fail because, as Plaintiff well knows, standing cannot be created after a complaint has been filed; it must exist at the time of the filing of the complaint.").

## IV. Conclusion

Accordingly, it is **ORDERED AND AD-JUDGED** that:

1. Plaintiff's Request for Judicial Notice (D.E. 39) is **GRANTED IN PART** and solely to the extent that the Court judicially notices that the settlement agreement is dated June 1, 2016;

2. Defendant's Motion to Dismiss Amended Complaint and Class Allegations is **GRANTED** consistent with this Order;

3. The Amended Class Action Complaint for Damages (D.E. 23) is **DIS-MISSED WITHOUT PREJUDICE** for lack of standing;

4. All pending motions are **DENIED AS MOOT**; and

5. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of September, 2016.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND MOTION FOR REHEARING AND/OR RECONSIDERATION OF THIS COURT'S SEPTEMBER 30, 2016 ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND CLOSING CASE (D.E. 54)

**THIS CAUSE** is before the Court on Plaintiff MSPA Claims 1, LLC's Motion for Leave to Amend, and Motion for Rehearing and/or Reconsideration of the Court's September 30, 2016 Order Granting Defendant's Motion to Dismiss and Closing Case, ("Motion," D.E. 54), filed October 28, 2016. Defendant Covington Insurance Company filed a Response on November 16, 2016, ("Response," D.E. 55), to which Plaintiff filed a Reply on November 23, 2017, ("Reply," D.E. 56). Upon review

of the Motion, Response, Reply, and the record, the Court finds as follows.

## I. Background

This is an action under the Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y(b)(3)(A), alleging that Defendant failed to reimburse Florida Healthcare Plus ("FHCP"), for medical payments made on behalf of an enrollee, F.C., who was injured as a result of an accident that occurred on property insured by Defendant. (See Am. Compl., D.E. 10 ¶¶ 10–37, 77–88.)

FHCP was a Health Maintenance Organization ("HMO") that contracted with the Centers for Medicare and Medicaid Services ("CMS") to provide Medicare benefits to eligible members enrolled in FHCP's Medicare Advantage health plan under Part C of the Medicare Act. (Id. ¶ 6.) FHCP was a "secondary payer" pursuant to the MSP Act. (Id. ¶ 8.) On December 10, 2014, FHCP went into receivership. (Id.)

According to the Amended Complaint, F.C. was a member of a Medicare Advantage Plan managed by FHCP at the time of the accident. (Id. ¶ 15.) The Plan is considered a "secondary plan" in connection with medical expense coverage for the at-issue accident, and provides FHCP with reimbursement, recovery, and subrogation rights from a "primary plan." (Id. ¶ 17.) FHCP paid for F.C.'s medical expenses, totaling $15,825.43, pursuant to its contract with CMS. (Id. ¶ 19.) The Amended Complaint alleges that Defendant issued the primary plan and, as such, it is legally responsible for primary payment of F.C.'s injuries through its no fault Med–Pay insurance policy. (Id. ¶¶ 13, 14, 17, 26.)

Plaintiff alleges that FHCP assigned all of its subrogation claims, recovery, and reimbursement rights, and that Plaintiff now possesses all of those rights. (Id. ¶ 52.) The Amended Complaint appears to allege that FHCP first assigned its subrogation claims, recovery, and reimbursement rights to La Ley Recovery Systems, Inc. ("La Ley"), who subsequently assigned those claims and rights to Plaintiff. (Id. ¶ 54.) As such, Plaintiff asserts standing to sue Defendant for the medical claims, bills, and expenses FHCP provided on behalf of F.C. (Id. ¶¶ 52, 55.)

On March 9, 2016, Plaintiff filed its Amended Class Action Complaint for Damages asserting claims for: (1) a violation of the MSP Act, 42 U.S.C. § 1395y(b)(3)(A), (id. ¶¶ 77–88); (2) breach of contract for failure to pay Med–Pay benefits, (id. ¶¶ 89–97); (3) conventional subrogation, (id. ¶¶ 98–104); (4) equitable subrogation, (id. ¶¶ 105–111); and (5) conventional subrogation arising from third-party beneficiary rights, (id. ¶¶ 112–118).

On March 23, 2016, Defendant filed a Motion to Dismiss, arguing, inter alia, that Plaintiff lacks standing to sue Defendant as a purported assignee of FHCP. (D.E. 25.) On September 30, 2017, the Court granted the Motion to Dismiss. ("Order," D.E. 53.)

First, the Court found that Defendant's facial challenge to Plaintiff's standing was meritorious because the Amended Complaint did not allege that FHCP approved any assignment from La Ley to Plaintiff, as required by the agreement between FHCP and La Ley ("La Ley Agreement"). (Id. at 6 (citing MSPA Claims 1, LLC v. Infinity Auto Ins. Co., 204 F.Supp.3d 1346, 1347 (S.D. Fla. 2016); MSPA Claims 1, LLC v. United Auto. Ins. Co., 204 F.Supp.3d 1342, 1344 (S.D. Fla. 2016); MSPA Claims 1, LLC v. First Acceptance Ins. Co., Case No. 16–20314–CIV–WILLIAMS, 2016 WL 4523850, at *2 (S.D. Fla. Aug. 29, 2016); MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co., Case No. 16–20401–Civ–COOKE/TORRES, 2016 WL 4479372, at *2 (S.D. Fla. Aug. 25, 2016);

MSPA Claims 1, LLC. v. Tower Hill Prime Ins. Co., CASE #: 1:16–cv–20460–KMM, 2016 WL 4157593, at *1 (S.D. Fla. Aug. 3, 2016); MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co., CASE #: 1:16–cv–20459–KMM, 2016 WL 4157592, at *1 (S.D. Fla. Aug. 3, 2016); MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co., CASE NO. 16–20212–CIV–KING, 2016 WL 4154266, at *2 (S.D. Fla. July 28, 2016).)

Second, the Court found that Defendant's factual challenge to Plaintiff's standing was meritorious because the Receiver repudiated the La Ley Agreement, and therefore any assignment from La Ley to Plaintiff was ineffective. (Id. at 7–9 (citing See United Auto., 204 F.Supp.3d at 1344; First Acceptance Ins. Co., 2016 WL 4523850, at *2).)

Furthermore, the Court took judicial notice that a Settlement Agreement between the Receiver and La Ley—which, according to Plaintiff, showed that La Ley validly assigned Plaintiff its rights to pursue FHCP's claims against Defendant—was entered on June 1, 2016, more than five months after Plaintiff filed this lawsuit. (Id. at 9.) The Court found that Article III standing must be determined as of time the plaintiff files its complaint, (id. citing Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003)), and that Plaintiff could not create standing by referencing the later-filed Settlement Agreement, (id.). The Court therefore granted Defendant's Motion to Dismiss, dismissed the Amended Complaint without prejudice for lack of standing, and closed the case. (Id. at 10.)

On October 28, 2016, Plaintiff filed the instant Motion, requesting: (1) reconsideration of the Court's Order dismissing the Amended Complaint pursuant to Rule 59(e); and (2) leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15, to add allegations that Plaintiff received assignment of FHCP's rights against Defendant prior to the initiation of this lawsuit. (D.E. 54.)

## II. Legal Standard

" 'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.' " Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). " '[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " Id. (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238–39 (11th Cir. 1985)).

## III. Discussion

■ a. First, Plaintiff argues that the Court should grant it leave to amend the Complaint to correct the pleading deficiency and add an allegation that it was assigned the right to pursue FHCP's claims against Defendant prior to the initiation of this lawsuit. (Mot. at 5–6.) While such an allegation may correct the Complaint's facial deficiency, it constitutes an untimely argument against Defendant's factual attack on Plaintiff's standing.

Defendant factually attacked Plaintiff's standing to assert FHCP's claims on February 25, 2016 in its Motion to Dismiss the original Complaint. (D.E. 20 at 1–7) Thereafter, Plaintiff filed an Amended Complaint but did not correct its standing allegations to include assertions that it had been validly assigned FHCP's claims prior to instituting this litigation. (D.E. 23.) De-

fendant subsequently filed a Motion to Dismiss the Amended Complaint, again arguing that Plaintiff lacked standing to pursue FHCP's claims against Defendant. (D.E. 25 at 3–11.) In its Response, Plaintiff again failed to mention that it had been validly assigned FHCP's rights against Defendant prior to instituting this Action.[1] (See D.E. 31.)

 "[A] Rule 59(e) motion [cannot be used] to ... raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc., 408 F.3d at 763. Accordingly, the Court denies Plaintiff's Motion on these grounds.

 **b.** Next, Plaintiff argues that reconsideration is necessary to correct a clear error of fact. (Mot. at 7.) Specifically, it argues that the La Ley Agreement itself evidences FHCP's approval of assignment of FHCP's claims to La Ley's affiliates, like Plaintiff. (Mot. at 7–9.) However, the Court never found otherwise—Plaintiff simply never made this argument prior to the instant Motion.

In its Motion to Dismiss, Defendant specifically argued that the Amended Complaint failed to allege or establish that FHCP approved the assignment of La Ley's claims against Defendant to MSPA. (D.E. 31 at 9 ("Plaintiff does not allege or otherwise establish that FHCP approved the assignment to Plaintiff.").) If it is Plaintiff's position that FHCP approved an assignment from La Ley to Plaintiff and such approval is evidenced in the La Ley Agreement, it should have made this argument in its Response to Defendant's Motion to Dismiss. "[A] Rule 59(e) motion [cannot be used] to ... raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc., 408 F.3d at 763.

The Court finds that it did not commit a clear error of fact and denies Plaintiff's Motion on these grounds.

 **c.** Next, Plaintiff argues that pursuant to the La Ley Agreement, La Ley owns the claims against Defendant for reimbursement. (Mot. at 9–11.) It argues that its rights in the claims vested upon execution of the Agreement, and that the Court cannot rewrite the terms of the Agreement. (Id. at 10–13.) It argues that the Receiver's repudiation of the contractual relationship between the Parties was prospective only, and did not extinguish the rights that vested in La Ley upon execution of the Agreement. (Id.) It further argues that FHCP approved the assignments La Ley made to its affiliates, including Plaintiff. (Id. at 11.) Finally, it argues that even if the Receiver had the power to terminate the assignments, Defendant waived any termination by accepting funds under the assignments. (Id. at 13.) Based on these arguments, it appears to be Plaintiff's position that the Court made a clear error of fact when it found that the Receiver repudiated the La Ley Agreement and that any assignment from La Ley to Plaintiff was ineffective. (See Order at 8.)

Upon careful review of Plaintiff's arguments and the record, the Court finds that it did not commit a clear error of fact when it found that the Receiver repudiated the La Ley Agreement and that any assignment from La Ley to Plaintiff was ineffective. Indeed, whether La Ley retained any rights, prospective or retrospective, after the Receiver cancelled the Agreement was the subject of a legal dispute in state

---

1. In fact, although Plaintiff now seeks leave to amend the Complaint to cure what it labels a "pleading deficiency," it offers no factual support for its assertion that it was validly assigned FHCP's rights against Defendant prior to filing this Action.

court—a legal dispute that La Ley settled by paying the Receiver an undisclosed (redacted) amount of money before the state court could determine the Parties' rights (but after the institution of this Lawsuit). (See D.E. 39–1 at 5, 8.) As such, this Court did not clearly err in finding that the Receiver repudiated the La Ley Agreement and that any assignment from La Ley to Plaintiff was ineffective, and the Court denies Plaintiff's Motion on these grounds.

 **d.** Next, Plaintiff argues that the La Ley Assignment constitutes an equitable assignment providing Plaintiff with Standing. (Mot. at 14.) The Court finds that this argument was available to Plaintiff when responding to Defendant's Motion to Dismiss. "[A] Rule 59(e) motion [cannot be used] to . . . raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc., 408 F.3d at 763. Accordingly, the court denies Plaintiff's Motion on these grounds.

 **e.** Next, Plaintiff argues that reconsideration is necessary to prevent a manifest injustice. (Mot. at 15.) It argues that it would be manifestly unjust to "be placed in an inadequate and irreparable position wherein it would have to restart this case from the start" when it could simply just amend the complaint to add the allegation that FHCP approved the assignment from La Ley to Plaintiff. (Id.) Requiring Plaintiff to refile its lawsuit does not constitute a "manifest injustice." See Mouzon v. Radiancy, Inc., 309 F.R.D. 60, 65–66 (D.D.C. 2015) (finding that denying a Rule 59(e) motion would not constitute a manifest injustice because the plaintiffs would be able to file the same claims in a

separate action). Accordingly, the Court denies Plaintiff's motion on these grounds.

 **f.** Next, Plaintiff argues that it is entitled to reconsideration as a result of an intervening change in controlling law. (Mot. at 15–17.) Specifically, it argues that the Eleventh Circuit's opinion in MSP Recovery, LLC v. Allstate Insurance Co., 835 F.3d 1351 (11th Cir. 2016) requires reconsideration. (Id.)

To begin with, it is questionable whether MSP Recovery is an intervening change in controlling law, as it was rendered on August 30, 2016—one month before this Court entered its Dismissal Order in this case. And in any event, MSP Recovery did not involve the same issues raised by Defendant in its Motion to Dismiss—specifically, that the Receiver repudiated any assignment from La Ley to Plaintiff. Rather, in MSP Recovery, the defendant argued that the assignment was barred by the "Anti–Assignment Act," 41 U.S.C. § 6305(a),[2] which prohibits the assignment of contracts between the federal government and third parties. 835 F.3d at 1358. The Eleventh Circuit held: "Because FHCP did not assign its contract with the government, or any interest therein, the assignment is not prohibited by § 6305, and [the defendant's] standing argument must fail." Id.

Here, the Court found that Plaintiff lacks standing to pursue FHCP's claims against Defendant "because the receiver repudiated the La Ley Agreement." (Order at 7.) Although FHCP was the secondary payer in each of the seven cases consolidated before the Eleventh Circuit in MSP Recovery, the Eleventh Circuit made no mention of the Receiver repudiating

---

**2.** "The party to whom the Federal Government gives a contract or order may not transfer the contract or order, or any interest in the contract or order, to another party. A purported transfer in violation of this subsec-

tion annuls the contract or order so far as the Federal Government is concerned, except that all rights of action for breach of contract are reserved to the Federal Government." 41 U.S.C. § 6305(a).

any of the assignments. Nor does it mention any assignment from FHCP to La Ley. See MSP Recovery, 835 F.3d at 1358. Thus, the Eleventh Circuit did not decide the issue on which this Court based its Dismissal Order, and for that reason MSP Recovery does not constitute an intervening change in controlling law. See Sutherland v. Ernst & Young LLP, 847 F.Supp.2d 528, 535–39 (S.D.N.Y. 2012) (finding that a U.S. Supreme Court decision did not constitute an intervening change in controlling law because, inter alia, it addressed a state common law rule, whereas the district court based its decision on a federal statute).

 Additionally, the Court rejects Plaintiff's argument that MSP Recovery constitutes the "law of the case." (Mot. at 16.)

> "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." Alphamed[, Inc. v. B. Braun Medical, Inc.], 367 F.3d [1280,] at 1285–86 [ (11th Cir. 2004) ] (citation omitted). "The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) (per curiam) (citation omitted). "The doctrine is based on the premise that an appellate decision is binding in all subsequent proceedings in the same case unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1510 (11th Cir. 1987).

Thomas v. United States, 572 F.3d 1300, 1303–04 (11th Cir 2009). The law of the case doctrine "does not extend to issues the appellate court did not address." Gue-vara v. Republic of Peru, 608 F.3d 1297, 1306 (11th Cir. 2010) (quoting Piambino v. Bailey, 757 F2d 1112, 1120 (1985)). This is not the "same case" as MSP Recovery, and even if it was, the Eleventh Circuit did not decide the issue on which this Court based its standing decision. Thus, the law of the case doctrine is inapplicable.

**g.** Finally, Plaintiff appears to argue that reconsideration is warranted based on a paperless order rendered by this Court in a similar case, see MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co., No. 16–cv–20375 (S.D. Fla. Aug. 30, 2016), and a Report and Recommendation issued by Magistrate Judge John J. O'Sullivan in a similar case, see MSPA Claims 1, LLC v. Nat'l Fire Ins. Co., No. 16–cv–20531 (S.D. Fla. Sept. 26, 2016). The Court finds that neither this Court's paperless Order nor Judge O'Sullivan's Report and Recommendation constitute an "intervening change in controlling law." Consequently, even assuming arguendo that they supported Plaintiff's argument, they are not a proper basis for a Rule 59(e) Motion.

## III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend and Motion for Rehearing and/or Reconsideration of this Court's September 30, 2016 Order Granting Defendant's Motion to Dismiss Amended Complaint is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of March, 2017.