**MSP RECOVERY, LLC, Plaintiff**

v.

**ALLSTATE INSURANCE COMPANY, Defendant**

**Civil Action No. 15–20732–Civ–Scola**

United States District Court,
S.D. Florida.

Signed 04/20/2017

Frank Carlos Quesada, MSP Recovery Law Firm, Gustavo Javier Losa, John Hasan Ruiz, Law Offices of La Ley con John H. Ruiz, Miami, FL, Jorge Antonio Lopez, Lopez & Associates, Coral Gables, FL, for Plaintiff.

Rachel Marie La Montagne, Shutts & Bowen LLP, Miami, FL, for Defendant.

## Order on the Defendant's Motion to Dismiss

Robert N. Scola, Jr., United States District Judge

This matter is before the Court on Defendant Allstate Insurance Company's motion to dismiss the Plaintiff's Third Amended Complaint. (ECF No. 56). For the reasons set forth below, the Court grants the Defendant's motion to dismiss.

### 1. Background

In January 2013, an enrollee in the Medicare Advantage program (the "Enrollee") was in a car accident. (*See* Third Am. Compl. ¶¶ 19–20, ECF No. 55.) The Medicare Advantage program was managed by Florida Healthcare Plus ("FHCP"), which contracted with the Centers for Medicare and Medicaid Services ("CMS") to administer Medicare benefits for beneficiaries who elect to enroll in the Medicare Advantage program. (*Id.* ¶¶ 4, 27.) The Plaintiff alleges that the Medicare Advantage plan's obligations are secondary to other available insurance plans, and that FHCP has reimbursement, recovery and subrogation rights from any primary insurance coverage. (*Id.* ¶¶ 29, 31.)

As a result of the car accident, the Enrollee suffered injuries to his neck and back and incurred expenses for medical services, treatment, and/or supplies. (*Id.* ¶ 20, 23.) FHCP paid for the Enrollee's medical expenses. (*Id.* ¶¶ 22, 33, 36.) However, the Plaintiff asserts that Defendant Allstate Insurance Company ("Allstate") had issued a policy of insurance to the Enrollee that was in effect at the time of the accident and provided primary insurance coverage for the Enrollee's medical expenses. (*Id.* ¶¶ 24–25, 32.) The Plaintiff alleges that Allstate failed to satisfy its obligations under the insurance policy to cover the Enrollee's medical expenses and/or reimburse FHCP for the payments it made on the Enrollee's behalf. (*Id.* ¶¶ 26, 39.)

The Complaint alleges that on April 15, 2014, FHCP assigned its recovery and reimbursement rights against any liable primary payer to La Ley Recovery Systems, Inc. ("La Ley"). (*Id.* at ¶ 5.) On August 29, 2014, La Ley assigned the recovery and

reimbursement rights that it received from FHCP to the Plaintiff, MSP Recovery, LLC ("MSP"). (*Id.* at ¶ 7.) MSP alleges that FHCP's executives and officers approved and consented to the assignment from La Ley to MSP in a series of communications between April and September 2014. (*Id.* ¶ 8.) Accordingly, MSP asserts that it possesses all of FHCP's rights to recover expenses that FHCP paid on behalf of the Enrollee from any liable primary payer. (*Id.* ¶ 10.)

MSP filed this lawsuit in state court on December 22, 2014, asserting that Allstate violated the Medicare Secondary Payer Act ("MSP Act") and state law. (*See* Notice of Removal, ECF No. 1.) Allstate removed the case to this Court on February 23, 2015. (*Id.*) The Court granted the Defendant's motion to dismiss the federal claim in the Plaintiff's Second Amended Complaint, and remanded the remaining state law claims to state court. (ECF Nos. 36–37.) The Plaintiff appealed the dismissal, and the Eleventh Circuit vacated the Court's judgment and remanded for further proceedings. (ECF No. 50.) Accordingly, the Court reopened this case and the Plaintiff filed its Third Amended Complaint (ECF No. 55).

The Third Amended Complaint asserts a single cause of action under 42 U.S.C. § 1395y(b)(3)(A), which provides a private cause of action for double damages in the event that a primary plan fails to provide primary payment or appropriate reimbursement to a secondary payer. (Third Am. Compl. ¶ 48–59.) Allstate moved to dismiss the complaint, asserting that MSP lacks standing to bring this action and that the Third Amended Complaint fails to state a claim upon which relief can be granted. (ECF No. 56.)

## 2. Legal Standard

██ Because the question of Article III standing implicates subject matter ju-

risdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; 112 S.Ct. 2130; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (stating same).

██ "[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). Motions to dismiss a complaint for lack of subject matter jurisdiction can consist of either a facial or factual attack on the complaint. *Id.* (citing *McElmurray v. Consol. Gov't of Augusta—Richmond Cnty*, 501 F.3d 1244, 1250 (11th Cir. 2007)). A facial attack requires the court to "merely

look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233–34 (citing *McElmurray*, 501 F.3d at 1251). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.* at 1232 (citations omitted).

### 3. Analysis

██ The Defendant asserts a factual challenge to the Court's subject matter jurisdiction, arguing that the Plaintiff does not have standing to bring this suit because the assignment to the Plaintiff of FHCP's rights to recovery and reimbursement was not valid. (Mot. to Dismiss at 4, ECF No. 56.)

According to the Third Amended Complaint, FHCP's rights to reimbursement and recovery were assigned to La Ley on April 15, 2014. (Third Am. Compl. ¶ 5, ECF No. 55.) The Plaintiff attached a copy of the agreement between FHCP and La Ley to the Third Amended Complaint. (*Id.* at Ex. A.) The agreement was valid for one year, with an automatic renewal for an additional one year unless terminated at any time by the parties with ninety days' notice. (*Id.* ¶ 1.2.) The agreement stated that La Ley could assign the agreement in whole or in part, but that the assignee must be approved by FHCP. (*Id.*)

The Plaintiff alleges that on August 29, 2014, La Ley assigned its recovery and reimbursement rights for the Enrollee's claim to MSP. (Third Am. Compl. ¶ 7, ECF No. 55.) The Plaintiff attached a copy of the assignment to the Third Amended Complaint. (*Id.* at Ex. B.) The Plaintiff alleges that FHCP executives and officers "communicated to La Ley Recovery via a series of communications between April and September 2014 that FHCP accepted,

acknowledged, approved and consented to any subsequent assignment from La Ley Recovery to any then-existing or future La Ley Company, including the La Ley Recovery–Plaintiff Agreement." (*Id.* ¶ 8.) The Plaintiff asserts that the term "La Ley Company" refers to the Plaintiff, among other entities. (*Id.* at 3 fn 2.)

On December 10, 2014, the Second Judicial Circuit Court in and for Leon County, Florida appointed the Florida Department of Financial Services ("DFS") as receiver for FHCP and authorized it to liquidate FHCP's assets. (Mot. to Dismiss at Ex. A, ECF No. 56–1.) The court's order cancelled all executory contracts to which FHCP was a party and stated that the contracts "stand cancelled unless specifically adopted by the Receiver within ninety (90) days of the date of this Order or from the date of the Receiver's actual knowledge of the existence of such contract, whichever is later." (*Id.* at 13.) The order imposed an automatic stay prohibiting "any act to obtain possession of property of the insurer." (*Id.* at 19.)

The Plaintiff filed this lawsuit on December 22, 2014. (Notice of Removal, ECF No. 1.) On February 5, 2015, DFS sent La Ley a letter stating that "[t]he Receiver has determined that your services are not necessary to the continued administration of the Receivership estate and hereby reject any and all contracts, addendums and/or assignments between FHCP and La Ley Recovery Systems, Inc. and/or any of its affiliates and/or subsidiaries." (Mot. to Dismiss Ex. B at 12, ECF No. 56–2.) On March 30, 2015, DFS sent an email to MSP's counsel, John Ruiz, stating that DFS had formally rejected the contract between La Ley and FHCP, and that "La Ley and any of its affiliated companies, such as MSP Recovery LLC, are no longer authorized to pursue recoveries on behalf of FHCP." (*Id.* at 35.) On April 23, 2015,

DFS sent a letter to Mr. Ruiz, requesting again that MSP "stop all collection activity on behalf of FHCP pending the Receiver's receipt and opportunity to examine and evaluate the additional information." (*Id.* at 40.) On June 10, 2015, DFS sent another letter to Mr. Ruiz, stating that "the Receiver again formally demands that your firm cease and desist from all collection activities on behalf of FHCP," and reiterating that La Ley's contract with FHCP was cancelled as of December 10, 2014. (*Id.* at 41–42.)

On September 18, 2015, DFS filed a petition to enjoin La Ley and its assignees from collection activities on behalf of FHCP. (Mot. to Dismiss Ex. B, ECF No. 56–2.) The petition specifically stated that the receiver did not adopt La Ley's contract with FHCP and that the contract was therefore cancelled as of December 10, 2014. (*Id.* at 3.) The petition noted that "it appears that La Ley has attempted to assign its rights under the contract to at least two entites that were not in existence prior to entry of the Liquidation Order, namely MSPA Claims 1 LLC, and MSP Recovery Services, LLC. Both of these entities were organized in February 2015, after the Receiver informed La Ley that its Agreement with FHCP was rejected." (*Id.* at 4.) The receiver attached copies of the articles of incorporation for MSP to the petition, which indicated that the articles were filed with the Florida Secretary of State on February 13, 2015, and stated that the "effective date" for the company was February 13, 2015. (*Id.* at 33–34.)

In light of these facts, judges in the Southern District of Florida have held that "it is clear that the receiver repudiated the La Ley Agreement and any assignment from La Ley to Plaintiff was ineffective." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F.Supp.3d 1250, 1257 (S.D. Fla. 2016) (Lenard, J.), *appeal docketed*, No. 17–11273 (11th Cir. Mar. 22,

2017); *see also MSPA Claims 1, LLC v. United Automobile Ins. Co.*, 204 F.Supp.3d 1342, 1345 (S.D. Fla. 2016) (Williams, J.) (noting that "in the order appointing DFS as FHCP's receiver, which is dated December 10, 2014, DFS repudiated the La Ley agreement"); *MSPA Claims 1, LLC v. First Acceptance Ins. Co.*, No. 16-20314, 2016 WL 4523850, at *2 (S.D. Fla. Aug. 29, 2016) (Williams, J.) (noting same).

The Plaintiff places great weight on its allegation that FHCP approved the assignment from La Ley to MSP. (Pl.'s Resp. at 7–8, ECF No. 57.) However, the assignment from La Ley to MSP was dated August 29, 2014. (Compl. Ex. B., ECF No. 55.) It is unclear how FHCP could have approved the assignment, or how the assignment could have been valid, if MSP was not formed as a company until February 13, 2015. Furthermore, even if the assignment from La Ley to MSP was initially valid, the assignment could not have been valid after December 10, 2014 since DFS unequivocally stated that as of that date the contract between FHCP and La Ley was cancelled. Therefore, MSP did not have standing when it filed this suit on December 22, 2014. *See United Automobile*, 204 F.Supp.3d at 1345 (holding that "Defendant's factual challenge to plaintiff's standing as an assignee is meritorious"); *Covington*, 212 F.Supp.3d at 1258 (holding that "there was no valid assignment" of FHCP's right of reimbursement prior to the commencement of the lawsuit and noting that "every other court in this district to have addressed the matter ... finds that Plaintiff lacks standing to assert FHCP's claims because it has not been validly assigned the right to do so."); *First Acceptance Ins. Co.*, 2016 WL 4523850 at *2 (holding same).

In response to the Defendant's argument that there was no valid assignment at the time MSP commenced this lawsuit,

MSP asserts that the Eleventh Circuit held that the assignments from FHCP to La Ley, and from La Ley to MSP, were valid. (Pl.'s Resp. at 3.) However, although the Eleventh Circuit did address the plaintiffs' standing, it did not address the specific issues raised by the Defendant in its motion to dismiss. The appeal of this Court's order of dismissal was consolidated with six other cases. *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351 (11th Cir. 2016). One of the defendants argued that MSPA Claims 1, LLC lacked standing because federal law prohibited the assignment of FHCP's rights to MSPA Claims 1. *Id.* at 1357–58. The court held that the assignment did not violate federal law because FHCP did not assign its contract with the government to MSPA Claims 1; rather, FHCP assigned its right of recovery under a private cause of action to MSP Claims 1. *Id.* at 1358. The Court did not address whether FHCP's assignment to La Ley was valid after FHCP was placed in receivership. *See id.*; *see also Covington*, 212 F.Supp.3d at 1258 (denying plaintiff's motion for reconsideration and noting that the Eleventh Circuit "made no mention of the Receiver repudiating any of the assignment. Nor does it mention any assignment from FHCP to La Ley."); *but see MSP Recovery, LLC v. Allstate Ins. Co.*, No. 15–21532, ECF No. 54 at 8 (S.D. Fla. Mar. 31, 2017) (Torres, J.) (holding that the Eleventh Circuit found that the assignment of claims from FHCP to MSP were valid). In fact, the Eleventh Circuit specifically noted that if "the assignments of the claims to Plaintiffs were invalid, then we must dismiss each of these cases for lack of jurisdiction." *Id.* at 1357.

MSP next argues that Allstate does not have standing to challenge the validity of the assignments from FHCP to La Ley, and from La Ley to MSP. (Pl.'s Resp. at 6, ECF No. 57.) However, Allstate does not seek to invalidate the assignments; rather,

Allstate challenges the Plaintiff's standing to bring this suit.

▮ Finally, MSP argues that any attempt by DFS to terminate the assignment from FHCP to La Ley only terminated the contract between the parties prospectively, and also notes that it entered into a settlement agreement with DFS pursuant to which DFS withdrew its petition to enjoin La Ley's collection activities and affirmed the assignment from FHCP to La Ley. (Pl.'s Resp. at 12–13, ECF No. 57.) However, the settlement agreement was entered on June 1, 2016, over five months after MSP filed this lawsuit. (*Id.* at Ex. B.) Standing is determined as of the time at which the complaint was filed, and the plaintiff must have standing throughout the litigation. *See, e.g., Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003) ("Article III standing must be determined as of the time at which the plaintiff's complaint is filed.") (citations omitted); *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987) ("Article III requires that a plaintiff's claims be live not just when he first brings suit, but throughout the litigation."). (citations omitted). The other judges in this district to have considered this same argument have held that the "Plaintiff cannot create standing by referencing this later-filed agreement." *United Automobile*, 204 F.Supp.3d at 1345; *Covington*, 212 F.Supp.3d at 1257 (holding that the settlement agreement between DFS and La Ley does not establish that the plaintiff had standing at the time the complaint was filed); *MSPA Claims 1, LLC v. National Specialty Ins. Co.*, No. 16-20401, 2016 WL 4479372, at *2 (S.D. Fla. Aug. 25, 2016) (Cooke, J.) (holding same) (citations omitted); *First Acceptance Ins. Co.*, 2016 WL 4523850 at *3 (holding same). MSP's arguments fail to establish that it had standing when it filed

this lawsuit and continued to have standing throughout the litigation.

### 4. Conclusion

Accordingly, the Court **grants** the Defendant's motion to dismiss (ECF No. 56) and **dismisses** the Third Amended Complaint without prejudice. The Court directs the Clerk to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on April 20, 2017.