JAMES LAWRENCE KING, UNITED STATES DISTRICT JUDGE
THIS CAUSE comes before the Court upon cross-motions for summary judgment (DE # 96; DE # 97) filed on September 10, 2018.[1] All discovery and motion practice has been completed. For the reasons cited herein, the Court finds that summary judgment will be granted for Defendant.
I. BACKGROUND
This Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y(b), private action originates from conditional payments of Medicare benefits that Florida Health Care Plus ("FHCP") allegedly made on behalf of patient F.R. after a motor vehicle accident on June 18, 2012. Plaintiff is MSPA Claims 1, LLC, three times removed from FHCP through alleged assignments, first to La Ley Recovery Systems, Inc. ("La Ley Recovery") on April 15, 2014 (DE # 98, ¶ 24), next to MSPA Recovery, LLC (id. ¶ 28), and finally to Plaintiff on February 11, 2015 (id. ¶ 30). Plaintiff alleges that no-fault insurer Infinity Auto Insurance Company ("Infinity") was the primary payer, thereby entitling Plaintiff to damages of double the reimbursement amount under the Act's private cause of action, specifically 42 U.S.C. § 1395y(b)(3)(A) (DE # 35, ¶ 66-67).
The above-captioned case was originally removed to the Court on April 22, 2015 (DE # 1). On August 28, 2015, the Court dismissed Plaintiff's First Amended Complaint *1379 (see DE # 20). The Court's dismissal was consolidated with six other cases in an appeal to the Eleventh Circuit as MSP Recovery, LLC v. Allstate Ins. Co. , 835 F.3d 1351 (11th Cir. 2016), which ultimately remanded the case for further proceedings (DE # 30). On November 1, 2016, in response to the Court's Order granting leave (DE # 29), Plaintiff filed a Second Amended Complaint (DE # 35), the operative complaint here.
The Court ordered a deadline for completion of all discovery by September 5, 2018, allowing the parties over sixteen months for discovery (see DE # 64; DE # 82). On September 10, 2018, following the close of all discovery and prior to the Court's September 10 deadline for the filing of all motions, Plaintiff and Defendant filed cross-motions for summary judgment (DE # 96; DE # 97).
II. DISCUSSION
A. Legal Standards
1. Motions for Summary Judgment
Summary judgment is appropriate where there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added); Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is genuine if a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ. , 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. Allen v. Tyson Foods, Inc. , 121 F.3d 642, 646 (11th Cir. 1997).
If there is a conflict between the parties' evidence, the nonmoving party's evidence is presumed true and all reasonable inferences are drawn in the nonmoving party's favor. Shotz v. City of Plantation, Fla. , 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. Samples ex rel. Samples v. City of Atlanta , 846 F.2d 1328, 1330 (11th Cir. 1988). However, if the nonmovant's response consists of conclusory allegations, summary judgment is not only proper, but required. Morris v. Ross , 663 F.2d 1032, 1034 (11th Cir. 1981).
The moving party has the burden of establishing both the absence of a genuine material fact and that it is entitled to judgment as a matter of law. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Moreover, a court does not need to allow a case to continue to a jury where the inferences that are drawn from the evidence, upon which the nonmoving party relies, are implausible. Id. at 1359.
2. Standing Requirements
It is undisputed between the parties here that an assignment of an MSP Act claim must have been approved by the assignor for the assignee Plaintiff to have standing to sue for reimbursement under that claim (see DE # 98, ¶ 27). Specifically, the requirement for approval is based on the La Ley Recovery Systems Agreement ("Agreement") (DE # 35-1), which expressly requires of La Ley Recovery that, although it "may assign the Agreement in whole or in part[,] the assignee must be approved by the Client" (id. § 1.2), here referring to FHCP.
B. Plaintiff Lacks Standing
A careful review of the record reveals Plaintiff relies on two affidavits to establish that Plaintiff obtained the necessary approval to establish standing to bring this case. As set forth below, taken in the light most favorable to Plaintiff, this *1380 evidence is insufficient to grant Plaintiff standing.[2]
1. Declaration of John H. Ruiz
First, Plaintiff provides an affidavit (referred to as a "declaration") of John H. Ruiz (DE # 104-1), attorney for La Ley Recovery and its downstream entities (id. ¶ 2) and a lead counsel in this case, in which Ruiz states that "La Ley Recovery requested and FHCP provided authorization for the assignment from La Ley Recovery to MSP Recovery, LLC, and further authoriz[ation of] any additional assignments to be granted by MSP Recovery, LLC to related entities" (id. ¶ 6). However, Ruiz grounds this purported authority on his opinion of "conversations between [himself] and Susan Molina, which he alleges took place between April and September of 2014" ( id. ), and subsequent communications between MSP Recovery, LLC and "FHCP, including Susan Molina, regarding the assigned claims and its recovery activities" (id. ¶ 7).
It is generally recognized that it is improper for a lawyer in a case to testify as to his legal opinion regarding a fact in that case. See Hickman v. Taylor , 329 U.S. 495, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947) (stating that an attorney testifying "as to what he remembers ... regarding the witness's remarks ... could not qualify as evidence"); see also Fla. R. Professional Conduct 4-3.7 ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness.").[3] Regardless, the testimony that the conversations granted approval of the assignments is merely Mr. Ruiz's mental impression following conversations he had, and as such is lay opinion testimony where Mr. Ruiz has not been qualified under Daubert to be an expert. The affidavit does not lay the necessary factual predicate for Mr. Ruiz's lay opinion testimony, which would have involved offering the time, place, who was present, and what was said during the alleged conversations. Therefore, the affidavit of John Ruiz' opinion regarding approval of assignments of claim is not competent evidence supporting approval of the assignments.
2. Declaration of Susan Molina
Second, Plaintiff itself provides an affidavit (also labeled a "declaration") of Susan Rawlings Molina (DE # 98-1), CEO of FHCP in 2014 (id. ¶ 2), in which Molina states that she does "not specifically recall [the] conversations" between FHCP and John Ruiz" (id. ¶ 9). She further clarifies that she has "no specific recollection of Mr. Ruiz or La Ley Recovery requesting approval from FHCP to assign La Ley Recovery's rights; nor do[es she] personally recall providing such approval to Mr. Ruiz or La Ley Recovery" (id. ¶ 10). What is missing from the affidavit is any positive statement from Molina that she, "acting on behalf of FHCP, granted approval of the assignment to MSPA Recovery," which would be factual evidence in support of approval. Indeed, a thorough review of the record reveals that Plaintiff provides no affirmative evidence in support of the proposition that Molina, as CEO, or anyone *1381 else at FHCP, actually approved either of the assignments essential to grant Plaintiff standing.
3. Settlement Agreement
Separately, as an independent basis for its standing in this case, Plaintiff proffers a settlement agreement between FHCP and its liquidators ("Settlement Agreement") entered into after the filing of this case.
As multiple courts in this District have now held, a settlement agreement cannot retroactively grant a plaintiff standing after a case is filed. MSP Recovery, LLC v. Allstate Ins. Co. , 276 F.Supp.3d 1311, 1316 (S.D. Fla. 2017) (quoting Focus on the Family v. Pinellas Suncoast Transit Auth. , 344 F.3d 1263, 1275 (11th Cir. 2003) ); MSPA Claims 1, LLC v. Covington Specialty Ins. Co. , 212 F.Supp.3d 1250, 1258 (S.D. Fla. 2016) ; see also Lujan v. Defenders of Wildlife , 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Therefore, the Settlement Agreement entered into on June 1, 2016 between FHCP and its liquidators, even insofar as it retroactively affirms the February 11, 2015 assignment to Plaintiff, is insufficient evidence to independently support Plaintiff's standing in the instant case, which was filed on April 22, 2015.
III. CONCLUSION
Discovery and motions practice are both now concluded, and the only evidence of approval of its assignment Plaintiff MSPA Claims 1, LLC is the legal opinion of a lead counsel in this very case, and a fact witness (Susan Molina) who has no memory of conversations with John Ruiz. Therefore, the Court finds that Defendant Infinity Auto Insurance Company is correct that Plaintiff has failed to establish its assignment of the claim for which it seeks reimbursement, and therefore has failed to establish its own standing in this case.
Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment (DE # 96) is hereby GRANTED . Judgment is entered in favor of Defendant and the case is DISMISSED with prejudice . The Court retains jurisdiction for determination of fees and costs, if any.
DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 19th day of October, 2018.

Plaintiff filed its Response in Opposition on October 2, 2018 (DE # 105), and Defendant on October 1, 2018 (DE # 103); both parties filed Replies on October 9, 2018 (DE # 108; DE # 109). The Court held oral argument on October 11, 2018. Accordingly, this matter is ripe for disposition.

Plaintiff claims the Eleventh Circuit's Allstate opinion decided it has standing here (DE # 97, at 10-11; DE # 105, at 3). This is incorrect: Allstate 's holding on standing is limited to the application of the anti-assignment statute 41 U.S.C. § 6305(a). MSP Recovery, LLC v. Allstate , 835 F.3d 1351, 1358 (11th Cir. 2016) ("Because FHCP did not assign its contract with the government, or any interest therein, the assignment is not prohibited by § 6305, and [Defendant's] standing argument [here] must fail.").

Remarkably, on August 17, 2018, Plaintiff specifically objected to Defendant's deposition of John Ruiz on this ground (see DE # 87, at 3).