FEDERICO A. MORENO, UNITED STATES DISTRICT JUDGE
Plaintiff, MSPA Claims 1, LLC brings this class action complaint to recover against a primary payer under the Medicare Secondary Payer Act. The Court finds that Plaintiff lacks the requisite standing on the representative claims alleged in the Amended Complaint. Accordingly, the Court grants the Defendant's motion to dismiss.
THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (D.E. 10) filed on May 16, 2018.
THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is
ADJUDGED that the motion is GRANTED and the case is DISMISSED without prejudice. The Clerk of Court is directed to close this case. It is also
ADJUDGED that all other pending motions are DENIED as moot.
I. Background
Plaintiff, MSPA Claims 1, LLC, filed this suit under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A). Plaintiff, MSPA Claims 1, is the assignee of numerous Medicare Advantage Organizations, Medicare Service Organizations, and Independent Physician Associations, and by virtue of those assignments, it claims entitlement to pursue claims against "primary payers," such as liability insurance carriers, who settled with Medicare beneficiaries for the cost of medical expenses arising from an accident. In this case, Plaintiff is suing to recover payment from the Defendant, Scottsdale Insurance Company, the primary insurance plan, for accident-related expenses.
Plaintiff originally filed this lawsuit on May 16, 2016 in the Circuit Court in and for Miami-Dade County, Florida. Defendant removed the suit and the case was *1237 remanded on August 29, 2017. Upon remand, Plaintiff filed a motion for leave to amend to add a federal claim on March 21, 2018, which the state court granted on April 4, 2018. On April 18, 2018, the Defendant removed this case again a second time and it is presently before this Court.
The Amended Complaint identifies two assignors: (1) the first is Florida Healthcare Plus, an entity that is in a receivership; (2) the second is Professional Health Choice, a Medicare Services Organization. This case is filed as a class action, but the complaint focuses on two representative claims. The first one stems from the assignment to Plaintiff from Florida Healthcare Plus and the claims of Medicare beneficiary F.T. The second claim stems from the assignment to Plaintiff from a Medicare Services Organization called Professional Health Choice, which managed a Medicare Advantage Organization called Amerigroup. Professional Health Choice paid for medical services for D.T., Amerigroup's enrollee.
II. Legal Standard
"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomm. , 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am. , 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. See Ashcroft v. Iqbal , 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. See Iqbal , 129 S.Ct. at 1950.
III. Analysis
The Court begins its analysis with background information concerning the relevant statutes. Traditional Medicare consists of Parts A and B, which are fee-for-service provisions not at issue in this case. Part C is the Medicare Advantage program, under which Medicare-eligible persons may elect to have a Medicare Advantage Organization (rather than the Centers for Medicare and Medicaid Services) provide Medicare benefits. Part D provides for prescription drug coverage, and Part E contains generally applicable definitions and exclusions. The Medicare Secondary Payer Act, at issue in this case, is one such exclusion. Humana Med. Plan, Inc. v. W. Heritage Ins. Co. , 832 F.3d 1229, 1233-35 (11th Cir. 2016).
In cases where there is more than one insurer liable for an individual's medical costs, the Medicare Secondary Payer Act allocates liability between Medicare and other insurers, known as "primary plans." Id. at 1233. "Before 1980, 'Medicare paid for all medical treatment within its scope and left private insurers to pick up whatever expenses remained... In 1980, in an effort to curb the rising costs of Medicare, Congress enacted the [Medicare Secondary Payer Act], which ...made private insurers covering the same treatment the 'primary' payers and Medicare the 'secondary' payer." Id. (quoting *1238 Bio-Med. Applications of Term., Inc. v. Cent. States Se. & Sw. Areas Health & Welfare Fund , 656 F.3d 277, 278 (6th Cir. 2011) ).
42 U.S.C. § 1395y(b)(3)(a) of the Medicare Secondary Payer Act establishes three elements for a private cause of action: (1) the defendant's status as a primary plan; (2) defendant's failure to provide for primary payment or appropriate reimbursement; and (3) damages amount. Id. at 1239. The private right of action is available to a Medicare beneficiary, whose primary plan has not paid Medicare or the beneficiary's healthcare provider. The Eleventh Circuit has held that the Medicare Secondary Payer Act cause of action is available to a healthcare provider, who has not been paid. Id. at 1234-35 (citing with approval Mich. Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co. , 758 F.3d 787, 790 (6th Cir. 2014) ).
Medicare's Part C, the Medicare Advantage Organization program, allows a private insurance company operating as a Medicare Advantage Organization, to administer the provision of Medicare benefits pursuant to a contract with the government. The government pays the Medicare Advantage Organization a fixed fee for each enrollee, and the Medicare Advantage Organization administers benefits for the enrollee. Id.
A. Standing
A defendant can make either a facial or a factual challenge to a plaintiff's standing. "A facial attack on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." McElmurray v. Consol. Gov't of Augusta-Richmond, Cnty. , 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting Lawrence v. Dunbar , 919 F.2d 1525, 1529 (11th Cir. 1990) ). To survive a facial challenge to standing, "each element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.' " Bischoff v. Osceola Cnty., Fla. , 222 F.3d 874, 878 (11th Cir. 2000) (quoting Lujan v. Defenders of Wildlife , 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ).
"Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.' " McElmurray , 501 F.3d at 1251. "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Streib v. United States , No. 13-20455-CIV, 2013 WL 4401036, at *2 (S.D. Fla. Aug. 12, 2013) (quoting Lawrence , 919 F.2d at 1529 ). "[N]o presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. In short, "when a party mounts a factual attack, a district court is free to independently weigh facts, and may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." Int'l Broth. of Teamsters v. Amerijet Int'l, Inc. , 932 F.Supp.2d 1336, 1343 (S.D. Fla. 2013) (quoting Morrison v. Amway Corp. , 323 F.3d 920, 925 (11th Cir. 2003) ). Defendant's motion challenges Plaintiffs standing both facially and factually.
Plaintiff claims standing to sue as the successive assignee of Florida Healthcare Plus and Professional Health Choice. To establish standing to sue under the Act, the Plaintiff must show that it received a valid assignment of the reimbursement rights from those entities and that Defendant failed to reimburse the claim.
*1239 1. Factual Challenge to Standing
The first identified claim arises from an accident and injuries sustained by F.T., who was enrolled in a Medicare Advantage plan issued and administered by a Medicare Advantage Organization, Florida Healthcare Plus. Florida Healthcare Plus assigned its claims to recover reimbursement to Plaintiff, who is suing Defendant Scottsdale, as a primary payer under the Medicare Secondary Payer Act. Scottsdale, acknowledges it is a primary payer and claims it paid the full benefits in satisfaction of the lien within sixty days of receiving notice.
This factual attack to standing allows the Court to consider matters outside the pleadings. In support of its position, Defendant attaches an email exchange where Plaintiff acknowledges receipt and deposit of $5,000 from Defendant. In its response brief, Plaintiff does not rebut this evidence of payment, which Defendant claims constitutes a full payment. Once a plaintiffs standing is challenged, the plaintiff bears the burden to establish its standing. DaimlerChrysler Corp. v. Cuno , 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006). Without anything to rebut this contention, the Court finds that Plaintiff has not met its burden establishing standing because Scottsdale has provided evidence showing payment.
Even if Plaintiff established Defendant failed to reimburse it, Plaintiff nevertheless lacks standing because Florida Healthcare Plus did not approve this assignment, as contractually required.[1] Multiple courts in this district have consistently held that Plaintiff lacks standing to assert Florida Healthcare Plus's claims because Plaintiff did not possess a valid assignment.[2] Those decisions rest on two factual findings. First, the Florida Department of Financial Services, the Receiver for Florida Healthcare Plus, repudiated the services agreement between Florida Healthcare Plus and La Ley Recovery via the liquidation order on December 10, 2014 and expressly on February 5, 2015. That action precluded La Ley's ability to assign or pursue Florida Healthcare Plus's claims. Second, the La Ley Agreement required approval from Florida Healthcare Plus before there could be an assignment of rights to Plaintiff, and since the Receiver controlled Florida Healthcare Plus when the purported assignment to Plaintiff *1240 took place, the Plaintiff fails to demonstrate that approval. In reaching that dismissal result, the courts also found that subsequent to the June 1, 2016 settlement agreement between Plaintiff and the Receiver, the agreement could not retroactively cure the lack of standing. Plaintiff, in this case, originally filed this lawsuit on May 16, 2016. Consistent with the past case law, the Court finds Plaintiff's assignment was invalid and the Plaintiff lacks standing.
Plaintiff argues that because the claim for F.T.'s care predated the original assignment agreement from Florida Healthcare Plus to La Ley Recovery, the Receiver had no authority to repudiate that assignment. That is not the issue. The lynchpin missing from Plaintiff's position is that once the Receiver controlled Florida Healthcare Plus, there is nothing demonstrating that the Receiver approved the assignment of rights from La Ley Recovery to Plaintiff MSPA Claims 1, LLC. Because it cannot show the approval after the Receiver took over Florida Healthcare Plus, Plaintiff argues that Florida Healthcare Plus approved the assignment from La Ley to MSPA Claims 1, LLC prior to the receivership. However, the assignment from La Ley to MSPA Claims did not predate the receivership and was dated February 20, 2015 (after the express repudiation by the Receiver). (D.E. 1-1 at 730). It is unclear how Florida Healthcare Plus could have approved the assignment, or how the assignment could have been valid, if MSPA Claims, 1, LLC was not yet formed as a company in December 2014 when the receiver took over Florida Healthcare Plus.[3] See Allstate , 276 F.Supp.3d at 1315. Therefore, MSPA Claims I, LLC did not have standing when it filed this suit on May 16, 2016.
B. Cause of Action under the MSP Act
The Plaintiff also lacks standing on the second representative claim. The Eleventh Circuit held in Humana v. W. Heritage Ins. Co. , 832 F.3d 1229, 1238 (11th Cir. 2016) that "the MSP private cause of action permits a [Medicare Advantage Organization] to sue a primary plan that fails to reimburse a [Medicare Advantage Organization's] secondary payment." Plaintiff argues the Eleventh Circuit did not limit the right of action to Medicare Advantage Organizations, but rather that it was available to any private actor due reimbursement. Courts have held otherwise. In MSP Recovery Claims, Series LLC v. ACE American Ins. Co. , Case No. 17-23749-CIV-Seitz, 2018 WL 1547600, at *6-7 (S.D. Fla. Mar. 9, 2018), the Court dismissed a claim for lack of standing where, like here, plaintiff alleged that plaintiff's assignor "managed" a Medicare Advantage Organization. The Court held that a plaintiff must satisfy a two-prong test to have standing to sue under § 1395y(b)(3)(A) : (1) a plaintiff must be a Medicare beneficiary, a Medicare Advantage Organization, or a direct health care provider, and (2) plaintiff must show Article III standing. Id.
Recently, in MSP Recovery Claims, Series, LLC v. USAA General Indemnity Co. , No. 18-21626-CIV-Altonaga, 2018 WL 5112998, at *9-10 (S.D. Fla. Oct. 19, 2018), the Court found that a non-Medicare Advantage Organization cannot bring or assign a Medicare Secondary Payer action. The Court explained that "because the plaintiff's assignors ... are not MAOs, Medicare beneficiaries, or medical providers *1241 that directly treated the Medicare beneficiaries in the claims presented, they lacked standing to bring a private cause of action under the MSP Act, and so the plaintiffs also lacked standing to bring a section 1395y(b)(3)(A) claim based on the assignors' purported assignment of rights." Id. (citing with approval MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co. , 322 F.Supp.3d 1273, 1283 (S.D. Fla. 2018) ).
The second representative claim stems from an assignment from Professional Health Choice, a Medicare Service Organization. Because Professional Health Choice is not a Medicare Advantage Organization, and Medicare Service Organizations do not possess a right of action under the Act, the representative claim fails to state a valid cause of action. Critically, the Complaint does not allege nor attach an assignment from Amerigroup, the Medicare Advantage Organization, to Professional Health Choice or to Plaintiff. Rather, the Complaint alleges that Amerigroup pays Professional Health Choice a fixed fee per month for the assigned enrollee. In exchange, Professional Health Choice agrees to pay for an enrollee's accident-related expenses. These allegations conclusively establish that Professional Health Choice is not a Medicare beneficiary, a Medicare Advantage Organization, nor a direct provider of medical services, which are the three categories of plaintiffs with rights of action under the Act. ACE American , 2018 WL 1547600, at *6-7.
DONE AND ORDERED in Chambers at Miami, Florida, this 12th of December 2018.

The La Ley Agreement contained a provision restricting further assignment of Florida Healthcare Plus's claims. It states in relevant part:
1.2 Term: The term of this Agreement shall be for (1) year from the date of execution herewith, with an automatic renewal for an additional one (1) year period unless terminated at any time by the parties with ninety (90) day prior written notification. La Ley Recovery may assign the Agreement in whole or in part but the assignee must be approved by the Client [i.e. FHCP].

See MSPA Claims 1, LLC v. Covington Specialty Ins. Co. , 212 F.Supp.3d 1250, 1254 (S.D. Fla. 2016), appeal dismissed, 17-11273-JJ, 2017 WL 4386453 (11th Cir. Sept. 19, 2017) ; MSPA Claims 1, LLC v. Infinity Auto Ins. Co. , 204 F.Supp.3d 1346 (S.D. Fla. 2016) ; MSPA Claims 1, LLC v. United Auto. Ins. Co. , 204 F.Supp.3d 1342, 1343 (S.D. Fla. 2016) ; MSPA Claims 1, LLC v. First Acceptance Ins. Co. , 16-20314-CIV, 2016 WL 4523850, at *1 (S.D. Fla. Aug. 29, 2016) ; MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co. , Case No. 16-20401-CIV-COOKE, 2016 WL 4479372, at *2 (S.D. Fla. Aug. 25, 2016) ; MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co. , 1:16-CV-20460-KMM, 2016 WL 4157593, at *1 (S.D. Fla. Aug. 3, 2016) ; MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co. , 1:16-CV-20459-KMM, 2016 WL 4157592, at *1 (S.D. Fla. Aug. 3, 2016), appeal dismissed, 2017 WL 1289321 (Mar. 31, 2017) ; MSP Recovery, LLC v. Allstate Ins. Co. , 276 F.Supp.3d 1311, 1314 (S.D. Fla. Apr. 20, 2017), appeal dismissed, 17-12355-JJ, 2017 WL 5664843 (11th Cir. Aug. 7, 2017).

Plaintiff's Articles of Incorporation were filed with the Florida Secretary of State on February 12, 2015. See http://search.sunbiz.org/lnquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR% 5C2015% 5C0212% 5C90444149.tif&documentNumber=L15000026730.