*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPECTRUM HEALTH HOSPITALS, SPECTRUM
HEALTH PRIMARY CARE PARTNERS d/b/a/
SPECTRUM HEALTH MEDICAL GROUP,

        Plaintiffs-Appellants,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee,

and

STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM GENERAL
INSURANCE COMPANY,

        Defendants.

UNPUBLISHED
September 5, 2024

No. 367183
Kent Circuit Court
LC No. 22-005638-NF

Before: SWARTZLE, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

After a car accident, an insured party received care from plaintiffs. Plaintiffs sued State Farm Mutual Automobile Insurance Company and others for, in part, double damages under the Medicare Secondary Payer Act (MSPA). The trial court dismissed the claim in defendant's favor. We affirm.

In September 2021, Dawn Vanderwerf was injured in an automobile accident. At the time, Vanderwerf had a State Farm insurance policy and an Aetna Medicare Advantage plan. Vanderwerf received medical treatment from plaintiffs, resulting in a total medical bill of over $1.4 million.

Plaintiffs billed Aetna for the treatment charges, and Aetna provided a partial payment in April 2022. Plaintiffs claim to have first billed State Farm in April 2022, but an employee testified that State Farm first received the bill on May 31, 2022, after plaintiffs re-sent it on May 25, 2022.

Plaintiffs sued defendants on June 21, 2022, with claims for no-fault medical benefits, declaratory relief, and, in Count III, double damages under the MSPA. The parties subsequently stipulated to dismiss two defendants—State Farm Fire and Casualty Company and State Farm General Insurance Company—leaving only the current entity as the remaining defendant.

In June and July 2022, defendant issued payments totaling $14,739.22 to plaintiff Spectrum Health Medical Group (SHMG). Raqueliah Petit-Homme, a claims specialist with State Farm, explained in a December 2022 deposition that State Farm was not disputing that the crash occurred, that Vanderwerf suffered injuries, that Vanderwerf had coverage under a State Farm policy, or whether the treatment was reasonable and necessary. When Petit-Homme began working on the claim in June 2022, State Farm had intended to pay the bills from plaintiffs because State Farm recognized that it was the primary insurer. The State Farm computer system had purportedly denied the bill as a duplicate, so Petit-Homme had to resubmit the claim.

When plaintiffs sued defendant, however, State Farm learned that Aetna had made a payment on the claim and then questioned whether Aetna was Medicare coverage or primary. Ultimately, defendant paid plaintiffs in January 2023.

In May 2023, plaintiffs moved for summary disposition and for attorney fees. The parties stipulated to the dismissal of Counts I and II and, after a hearing, the trial court granted summary disposition of Count III in defendant's favor under MCR 2.116(I)(2). The trial court further found that "if an appellate court finds Spectrum is entitled to double damages under Count 3," the damages were to be double the Aetna payment, rather than the State Farm payment. The trial court also granted plaintiffs' request for attorney fees.

Plaintiffs now appeal.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citation omitted). For a motion made under MCR 2.116(C)(10), this Court considers the evidence submitted in the light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632 (citation omitted). A trial court properly "grants summary disposition to the opposing party under MCR 2.116(I)(2) when it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 658; 651 NW2d 458 (2002). Finally, statutory interpretation is a question of law that this Court reviews de novo. *Sherman*, 332 Mich App at 632.

Medicare benefits are secondary to no-fault insurance. *Jarrad v Integon Nat Ins Co*, 472 Mich 207, 214 n 5; 696 NW2d 621 (2005). Medicare will not, therefore, generally pay for medical care when "payment has been made or can reasonably be expected to be made" by a no-fault insurance provider. 42 USC 1395y(b)(2)(A)(*ii*). The MSPA provides for a "private cause of action

for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." 42 USC 1395y(b)(3)(A). See also *Mich Spine & Brain Surgeons, PLLC v State Farm Mut Auto Ins Co*, 758 F3d 787, 790 (CA 6, 2014).[1] Under the MSPA, if a primary plan "fails to pay for treatment, Medicare may make a conditional payment for the treatment." *Bio-Med Applications of Tenn, Inc v Central States Southeast & Southwest Areas Health & Welfare Fund*, 656 F3d 277, 286 (CA 6, 2011). See also 42 USC 1395y(b)(2). A primary insurer "must have knowledge that they owed a primary payment before a party can claim double damages under the Medicare Secondary Payer Act." *MSP Recovery Claims, Series LLC v ACE American Ins Co*, 974 F3d 1305, 1319 (CA 11, 2020).

In this case it cannot be said that defendant failed to pay, or could reasonably be expected to fail to pay, for Vanderwerf's treatment. Petit-Homme testified that defendant had not received a bill from Spectrum until May 31, 2022, which means that, at the time Aetna made its payment to plaintiffs in April 2022, defendant was unaware that it owed plaintiffs for services provided. See *id*. Although plaintiffs claim that they first billed defendant in April 2022, there is nothing in the record to detract from defendant's assertion that it did not receive a bill at that time. Instead, plaintiffs contacted defendant on May 25, 2022 and then re-sent the bill. But even assuming arguendo that State Farm was put on notice in April 2022, this difference of, at best, a few weeks is not material with respect to the question of whether State Farm denied—rather than delayed—payment.

Defendant has never denied coverage or payment. Instead, it appears that defendant intended to pay the bill in June 2022, but a system error resulted in the delay of payment. Plaintiffs then sued defendant, and this resulted in defendant learning that plaintiffs had billed Aetna, and Aetna had paid. This information plausibly led defendant to question whether Aetna was a Medicare payer. In the trial court proceedings, defendant's claims adjuster clearly testified that defendant had never denied the claim, and this statement stands unrebutted in the record. Moreover, defendant issued a payment, albeit comparatively small to the total owed, to plaintiff SHMG in summer 2022.

The MSPA contains no language specifically providing for how long a primary plan has to pay a bill before it will be determined that the primary plan has "failed" to pay, but plaintiffs sued defendant only three weeks after defendant received the bill. And, at that point, defendant intended to pay. As defendant argues on appeal, defendant could not have reasonably been expected to pay the bill before it knew about the bill. Defendant has now made full payment to plaintiffs. The language of 42 USC 1395y(b)(3)(A) is clear that a private cause of action exists for double damages when a primary plan *fails* to provide payment. See *Mich Spine & Brain Surgeons, PLLC*, 758 F3d at 790. Although at some point a delay in payment may morph into a failure to pay, this record does not raise a question that such occurred here. The trial court did not err by finding that double damages were not warranted.

---

[1] Although decisions of lower federal courts are not binding on this Court, they may be considered persuasive. See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

Finally, plaintiffs challenge the trial court's determination that, if plaintiffs were entitled to double damages, the measure of such damages would be the Aetna payment. This question is moot given our holding that double damages were not warranted, and we will not reach this hypothetical question. See *Gleason v Kincaid*, 323 Mich App 308, 314-315; 917 NW2d 685 (2018).

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young